May it please the Court, I'm Robert Jobe, and I'm appearing today on behalf of the petitioner Olsep Poladyan. In this case, both the immigration judge and the Board of Immigration Appeals deemed Mr. Poladyan ineligible for asylum as somebody who'd been convicted of an aggravated felony. Now, in doing so, there's really no dispute that both the immigration judge and the board relied exclusively on the record of conviction that had been presented by the government. But didn't they also rely on his acknowledgment that he was removable? No, actually, Your Honor, neither one did. If you look, this is laid out here at page 106 of the record. This is the immigration judge's decision down at the bottom, that last paragraph. The judge says, based upon the court's review of the conviction documents, the applicable statutes, this Court sustained the denied factual allegations as contained in the notice to appear. There's no mention of the concession. Well, under our decision in Schellenberger, isn't that appropriate to consider the charging document, the minute order relating to the proceedings? Absolutely. What more did the immigration judge – what more should she have done? Well, it's not a question of whether the immigration judge considered portions of the record of conviction that were inappropriate. The real question is, is the record of conviction that she considered, is it conclusive or is it ambiguous? I mean, the documents that were presented here, we have the felony complaint that does suggest that, you know, he was charged with possession for sale of meth. Forty-three grams of methamphetamine. Right. But the real issue is, you know, does the record of conviction conclusively establish that the drug is one that's controlled by Federal law and not just State law? So the charging document says meth that's obviously regulated by both Federal and State law. But the minute order, which the judge can consider, you know, pursuant to Schellenberger, it's not at all clear that the conviction here relates to meth. Because what we have here, if you look at it, is simply it's a box that's checked that says that he entered a plea of no low contendering. But it doesn't say that he pled guilty as charged in the felony complaint. And under United States v. Vidal, that's the key element. You know, under this Court's controlling precedent, for the Court to find on the modified categorical approach that he was convicted of possession for sale of meth, the minute order has to say that he was convicted as charged in count one. But it doesn't say that. Moreover, you know, the problem here is that this document, the minute order, it didn't... What's the logical alternative, though, in this case? I take your point, technically. What's the alternative explanation that he was... Alternative explanation? Yes. That the defender, the public defender who represented him understood immigration law and understood that you couldn't plead to, you needed a record of conviction that didn't identify the drug. I mean, whenever we're confronted with a case like this, we advise all criminal defense attorneys just make sure that you don't identify the drug. And here the record is ambiguous on that point. See, there's another problem in that... What's the ambiguity? What other drug is there? Well, there are... Complaint-specified meth. Right. He pled guilty to count one of the complaint. Do you think it was something else? Well, the issue isn't whether, as a matter of fact, he was in possession of meth. That's not the question. I mean, when we're applying the modified categorical approach, we don't look at the underlying facts. What we look at is what were the admissions that he made during the criminal process? What was he convicted of? He pled guilty of count one. Count one charged him with meth. Well, he didn't plead guilty to count one as charged in count one. What he did is he entered a no local... You think he pled guilty to some count that wasn't charged? No, that's not my point. That's not my point at all. But the question is, did he admit the facts set forth in count one? And under this court's precedent, for the court to make a finding that he admitted each of the facts set forth in count one, the order, the judgment has to say that he was found guilty as charged in count one. But it doesn't. Now, there's a second problem here with the minute order, and this is at page 500. You know, in U.S. v. Vidal, the court talked about West pleas. And it made note that a West plea is a form of no low contendere, and that when a West plea is made, there's no concession, no admission of the facts that are set forth in the count to which he pled. Now, the problem here with this minute order on page 500... Well, does that alter the fact that the plea, a plea of no low contendere can otherwise be used against an individual for any other legitimate purpose? It can't. Of course. You can look to the fact that he entered a no low plea, but the fact of the matter is that in California, a no low plea pursuant to matter of West is not an admission of the facts that are set forth in the count to which he pled. And in order for the government to make its case, they have to show that he admitted not just that he was guilty of possession for sale, but he admitted to possession for sale of a controlled substance under federal law, meth. The problem here is that this document here, the minute order, says that he pled no low contendere. It's not clear that it was pursuant to people v. West, but so we have an ambiguous order. And because we have an ambiguous order, the immigration judge and the board plainly erred in concluding that this was an aggravated felony under the modified categorical approach. So it's our view the concession certainly didn't enter into this. I appreciate your concern there, Your Honor, about whether there was a concession, but the fact of the matter is that neither the immigration judge nor the Board of Immigration Appeals accepted the concession in this case. And there's good reason for them not to do so, because if you look at the transcript here, the attorney who was representing this petitioner at the time, you know, when she entered, when she made that concession, she said that the very next thing she said was that he was going to be seeking relief in the form of asylum, adjustment of status, and a 212-H waiver. And later on, she said that he was going to seek consular processing. But in view of that ----   The immigration judge did not accept the concession, and the immigration judge did not accept the waiver of protection under the Convention against Torture and so forth. But when that concession was made, didn't, in fact, the petitioner concede removability? Well, if you look at the regulations, Your Honor, she did. But the issue is not whether the lawyer made that concession. The issue is whether the immigration judge adopted it. Because when a concession like that is made, the immigration judge doesn't have to accept it. The immigration judge can if she's satisfied that there's no other issues. But here the immigration judge didn't. That's set forth at 1240.10c. The immigration judge doesn't have to accept that concession. And here she didn't. And my point is that there's really good reason for that, because it's apparent that the lawyer didn't know what she was doing. On the one hand, she's conceding, well, okay, this is an aggravated felony. On the other hand, she's, in the very next sentence, she's saying, well, but he's going to seek asylum and adjustment and consular processing, all of which he would be ineligible for as a matter of law if, in fact, this was an aggravated felony. So there's plain ineffective assistance of counsel on the record. And as a result, the board didn't accept it. I have a feeling I'm dancing on the head of a pin here, because we have at the very beginning counsel's acknowledgment that he pled guilty for the charge of offenses, conceded removability. And she's trying to trot up some relief that may not be available to her. Right. But the factual premise seems to just have melted in the sunlight, because there's not really any dispute with regard to what he was convicted of. Well, I beg to differ. And we don't disregard concessions just because it keeps the debate alive. Well, obviously, Your Honor, this Court can't be the one that accepts the concession in the first instance. That's simply not your role. I mean, the immigration judge was not obligated to accept the concession, nor was the board. Neither one did. And now we're in the court of appeals, and you're reviewing the decision as they framed it. You can't decide this case based on grounds that they themselves did not invoke. And if you were to rule based on a concession, that's exactly what you'd be doing. And that'd be a basic violation of a basic principle of a court of appeals. You don't have to do a lot of heavy lifting that's really kind of academic, because we know if in the end we'd say, well, the ground that the board cited isn't appropriate, so send it back, the board can always rely upon the concession that was made. It could. But for whatever reason, it hasn't done so thus far. And I guess the point is, my view is, that it hasn't done so because the record is plain that the concession was made unknowingly by the lawyer. It was plain ineffective assistance of counsel. And if this case was to go back to the court of appeals, that's exactly what you'd be doing. Well, see, here we're talking about a factual concession. And the fact that the lawyer doesn't understand the implications and doesn't perhaps understand that the record isn't as good as it could be for the government in establishing the proof, her client surely knows what he was convicted of. And if he's willing to say, yeah, I was convicted of possession of meth, why are we engaging in the rest of the exercise? He didn't say that. I mean, you know, I was Was there any suggestion that there was some other drug involved? I mean, this all seems very academic. Again, Your Honor, the issue here under the modified categorical approach is whether the record of conviction establishes conclusively that he admitted to possessing meth. And it doesn't. Now, what you're saying is, well, he admitted that as a factual matter it was meth. But again, that's not the issue. The issue is what was he convicted of? What was he convicted of in the criminal process? Not what the underlying facts were. Assuming we were to disagree with you, what would your argument be as to invoking asylum? Doesn't the asylum argument fail? Well, asylum, if you disagree with me on the aggravated felony, yes, he's necessarily barred. Then we turn to withholding. And on the withholding claim, I think the case has to go back to the Board of Immigration Appeals for a couple different reasons. I mean, first, on the issue of past persecution, I don't think the Board issued a reasoned decision because they ignored the two most important factors in assessing past persecution. He testified, and the judge accepted this is true, that the Armenian authorities had stripped him and his family of their citizenship. That was not considered by the Board in assessing past persecution. But also, it's undisputed that these people were driven from their homes, uprooted from their country, forced to flee their homes and their nation, their community, come to the United States as refugees. Now, more than 20 years earlier. Yes, back quite some time ago. But the issue is, should that be considered in the mix in determining past persecution? The fact that they had to give up their country of birth and flee. The Board didn't consider that. Now, they returned in 2003, wasn't it? For 20 days, the parents did. As United States citizens. But that's another factor that the Board didn't consider. But I want to come to that in a second. But on the issue of past persecution, it seems to me these are probably the most compelling factors that go to the issue of past persecution. Neither one was considered by the Board. I don't think it's appropriate for this Court to analyze those in the first instance. I think this case has to go back so the Board can analyze whether there's past persecution by examining these factors. Because the basic law is that, obviously, in assessing past persecution, the Board has to consider all relevant factors cumulatively. They left out the two most important factors. With regard to future persecution, both the immigration judge and the Board failed to consider the most important fact there as well. And that is that when the parents went back in 2003, they attended this meeting. There were 200 people in a stable that had gathered Pentecostals. And the meeting was attacked. The immigration judge, in her decision, says that he went back and he was unharmed. But the simple fact of the matter is the meeting was attacked by people throwing stones. And if you look at the testimony on this point, it's incredibly compelling. Because what the father testified is that these hooligans that had attacked this family, they broke into the home or the stable where this thing was being, it says house here, where the meeting was being held. They stabbed a one-year-old child who died. This is on page 234 of the record. The mother was stabbed in five places and the father was hit with an ax in the back. These are compelling facts. I mean, this is the first time this family has gone back to Armenia since they left. They were attending a religious meeting. This man's a Pentecostalist as well. The meeting was attacked. A child was stabbed. The mother was stabbed and killed. The mother was stabbed five times and the father was stabbed and hit with an ax. The BIA didn't consider, didn't even mention those facts. And the immigration judge completely mischaracterized them in her decision. Those are the most important facts that go to whether or not this man faces a clear probability of persecution. And what's interesting is that the country reports that the judge relied on, they say, that there are societal abuses against religious minorities like this. This was the most important evidence, but neither the IJ nor the board considered it. You shouldn't be considering this in the first instance. The case should go back for a proper analysis. Thank you, counsel. We'll hear from the government. Good morning, Your Honor. As may it please the Court, my name is Juria Jones. I represent the Attorney General in this case. Would you move the mic just a little closer to you? I just- Is that better? Sorry. Thank you. I also have a cold, so excuse me. Your Honors, this court reviews de novo whether or not an offense constitute aggravated felony. Contrary to petitioner's argument, reviewing this de novo means that the court can look at the entire record and determine whether or not the crime that petitioner was charged with is an aggravated felony. Based upon this Court's decision in Perez-Mija, the admission by the alien and the concession by the alien's attorney at the pleading stage is binding on the petitioner. A petitioner now cannot come forward to this Court and say it's not binding. Without regard to whether the IJ – whether the immigration judge, when she issued her ruling, relied upon it? Well, Your Honor, if you look at page 182 of the record, the immigration judge specifically said that, Responding through counsel has not admitted de facto allegations and conceded the charges of remotability. And aside from responding through counsel's admission and concession, based upon the Court's review of the conviction record, then also in a modified categorical approach, it's also – he's also removable as an aggravated felony. So the immigration judge did a two-step. At the pleading stage, the admission and the concession itself. But also of note, Perez-Mija wasn't decided by this Court at this time. So now, based upon Janelle's review of the Court, the Court can look at the entire record and determine that the admission and concession by petitioner through his counsel is binding upon him, and he is convicted of an aggravated felony, and therefore he's ineligible for asylum. Assuming, however, that not, though, the Board correctly went through a correct analysis of the modified categorical approach, looking at the documents in the record, determining whether or not, based upon the complaint, which is found at page 513, he pled guilty to count one, which is – Well, he didn't plead guilty. I mean, sorry, he pled nola contende, right? So what does that mean under California law? Excuse me, you're right, Your Honor. He pled nola – No, no, what does nola contende mean under California law? It's acknowledged as the same as guilt, but it's – it's – It's without admitting the underlying facts. Correct, Your Honor. So – So where does that leave us when that's the only document that we have? You have the men in order and the complaint. Right. What we have is a plea of guilty to the statutory violation. But the – but what we're concerned about here is whether he pled guilty to the underlying facts, admitted the underlying facts of possession of a controlled substance under Federal law. Right. But on the modified categorical approach, you take both sets of documents and examine those documents together to determine – Right. I would – I would agree with you perfectly if he pled guilty. My question is, what does the nola contende plea under California law mean for our analysis? I don't believe your analysis should change because it's acknowledged as the same as guilt. If under the men in order it says count one and it established the statute 11378, so he pled nola contende to the charges of that count, you look at the complaint and the complaint specifically says count one, the analysis should be the exact same as a plea of guilt. Well, it's not quite, and maybe that's the interesting part of this case, although it's very technical, which is that with the – with the nola plea in California, you aren't acknowledging the facts. You're – you're pleading guilty to the offense. But really we're concerned with whether he pled guilty to the facts. And the facts – the key fact is the possession of methamphetamine. But, Your Honor, when the – It's a logical inference, I grant you. But – but the fact is he didn't admit the possession. Right. But the offense is the possession of methamphetamine. So it's sort of – I understand the technicality and perhaps with the – But the offense is actually possession of a – Of a controlled substance, which – which when you define an under – So perhaps, Your Honor, if you would like, we could submit a supplemental brief getting to the technicality of this because that wasn't really – originally addressed in – in Respondent's brief, nor in Petitioner's brief as well. Given that aside, though, Perez-Mija, again, we would – we would assert that Perez-Mija is binding on this court and under de novo review, the admission and concession at the pleading stage should be – should be – hold the Petitioner bound by that admission and concession and therefore he would be ineligible for asylum based upon that admission and concession. With regard to the withholding of removal claim, there – there is no evidence of past persecution as it relates to Petitioner himself. All the allegations in testimony relate to the parents. We would make the assumption based upon the fact that he was 12 at the time he entered that he was a derivative beneficiary of the – of the refugee status that his parents obtained. But this court in Robledo-Pastora v. Holder said, a prior grant of asylum is insufficient to establish the presumption of well-founded fear. So Petitioner had the burden to establish that his life or freedom would be threatened if he's returned to Armenia. He testified himself to two minor incidents that happened while he lived in Armenia and then he claims that now based upon if he returns, he'd be persecuted based upon his religion. But the country reports that were relied upon by both the immigration judge and the board specifically say that the Armenian government does not enforce any of the restrictions at all on any religious minorities. It is true that there are societal abuses, but they aren't government enforced abuses. So, therefore, his claim of withholding or removal, there is no establishment there's a clear probability that he would face – his life or freedom would be harmed if returned, and also on top of that, there – he failed to establish his entitlement to protection and removal under CAT because he failed to establish that he'd be tortured if he was returned. So, therefore, the board's determination on these are correct. If the Court has any – no other further questions for me? Roberts. Can I take further? No. Thank you for your argument. You may rest on the brief. Thank you. I don't have a whole lot to respond to, but on this issue about additional briefing, obviously, I'm brand new to this case. And I do think it presents an interesting issue about the no low plea. That is the interesting thing about the case. And I'm happy to do any additional briefing that the Court may request on that point. Okay. Thank you, counsel. The case has now been submitted for decision. Thank both of you for your arguments. And we'll proceed with the second case on the oral argument calendar, which is CLRB Hansen v. Google.
judges: Pro, Thomas, Clifton